IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | CRIMINAL ACTION NO. |
| v. | ) | 2:99cr149-MHT |
| | ) | (WO) |
| GARY C. LOVELADY | ) | |

OPINION AND ORDER

It is ORDERED that defendant Gary C. Lovelady's motion to modify restitution pursuant to Rule 32 of the Federal Rules of Criminal Procedure (doc. no. 37), in which he seeks the cancellation of his remaining restitution based on a settlement with the victim, is denied.

***

Restitution is mandatory in defendant Lovelady's case, because he was convicted of mail fraud. *See United States v. Yeager*, 331 F.3d 1216, 1227 (11th Cir. 2003) ("[R]estitution is mandatory, without regard to a defendant's ability to pay, when the crimes of conviction are fraud- or deceit-based offenses under Title 18 of the United States Code.") (citing 18 U.S.C.

§ 3663A). A provision of the Mandatory Victims Restitution Act, 18 U.S.C. § 3664(o), sets forth the only avenues by which a district court may modify a mandatory order of restitution. *See United States v. Puentes*, 803 F.3d 597, 607-608 (11th Cir. 2015). Federal Rule of Criminal Procedure 32 is not one of those avenues, and on its face provides no basis for the relief requested. The only potentially applicable provision, 18 U.S.C. § 3664(k), does not authorize the court to grant Lovelady's request: the statute allows the court only "to *adjust* the payment schedule ... as the interests of justice require" based on the changed circumstances of the defendant, not to *cancel* the payment. (Italics added.) (In any case, Lovelady's lump-sum payment of $ 25,000 does not tend to show that his financial circumstances have changed to such an extent that he is entitled to a reduction.) In sum, the court concludes that it lacks authority to cancel Lovelady's restitution based on his settlement with the

victim.  *See United States v. Maestrelli*, 156 Fed. Appx. 144 (11th Cir. 2005) (concluding same).

DONE, this the 15th day of May, 2017.

                                 /s/ Myron H. Thompson
                                 UNITED STATES DISTRICT JUDGE